defendants' interference with his access to his property. While a party seeking a mandatory injunction for removal of an encroaching structure may receive an award of damages in lieu of an injunction (*see* RPAPL 871 [1]), at the trial of this action plaintiff failed to produce any evidence of such damages, and has thus abandoned any such claims (*see Garvey v Long Is. R.R. Co.*, 159 NY 323, 332 [1899]; *487 Elmwood v Hassett*, 83 AD2d at 414). Finally, plaintiff's remaining argument, that he withheld proof at trial based on language in this Court's prior decision (56 AD3d at 1092), has been reviewed and is found to be without merit.

Rose, Kavanagh and McCarthy, JJ., concur; Cardona, P.J., not taking part. Ordered that the judgment is affirmed, with costs.

■ In the Matter of KAREN SILVERSTEIN, a Disbarred Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [916 NYS2d 856]—

Per Curiam. Respondent was admitted to practice by this Court in 1983. She maintained an office for the practice of law in the City of Ithaca, Tompkins County.

By order dated September 25, 2003, respondent's resignation was accepted and she was disbarred (*Matter of Silverstein*, 308 AD2d 678 [2003]). She now applies for reinstatement. Petitioner does not oppose the application.

Our examination of the papers submitted on the application indicates that respondent has substantially complied with the provisions of the order of disbarment and with this Court's rules regarding the conduct of disbarred attorneys (*see* 22 NYCRR 806.9). We are also satisfied that respondent has complied with the requirements of this Court's rule regarding reinstatement (*see* 22 NYCRR 806.12 [b]) and that she possesses the character and general fitness to resume the practice of law.

Accordingly, the application is granted and respondent is reinstated to the practice of law, effective immediately.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; NICOLE J. TUNG, Respondent. [916 NYS2d 856]—